The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory M. Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 64 years old, with a date of birth of 14 October 1930. For her education plaintiff had completed high school and had taken courses in nursing, earning a certificate as a Nursing Assistant. For her work history plaintiff had worked in restaurants and had worked as a nurse's aide. For her medical history plaintiff was involved in a motor vehicle accident on 26 November 1985 resulting in low back pain and an injury to her left knee (left knee is the subject of the present claim). Because of injuries received in the motor vehicle accident, plaintiff underwent surgery to the left knee on 13 March 1986. After the motor vehicle accident, plaintiff retained a twenty percent permanent partial impairment to her left knee. Plaintiff was out of work through May 1986. Plaintiff returned to work and worked from May 1986 to October 1992.
2. Plaintiff was employed by defendant as a nursing assistant, which included duties of cleaning; making beds; dressing, bathing and feeding patients; and turning and lifting patients who could not lift or turn themselves. On 2 October 1992 (Friday) plaintiff was still in orientation from her job with defendant, having started the job three days earlier. As plaintiff was walking across the dining room floor, she slipped and injured her left knee. This was an admittedly compensable injury by accident.
3. Plaintiff was out of work following the injury on 2 October 1992; and she has not returned to work since the accident, except for part of the day on 9 August 1993.
4. Plaintiff received medical treatment four days after the accident (6 October 1992, Tuesday). She was examined by Dr. Daniel Murphy, an orthopedic surgeon; and the doctor ordered x-rays. At this time plaintiff had severe degenerative changes of her left knee and a complex tear of the medial meniscus. Although not caused by the accident of 2 October 1992, the trauma from the accident exacerbated the underlying condition and caused the previously asymptomatic condition to become symptomatic.
5. Dr. Murphy conducted a conservative course of medical treatment for about three months. On 7 January 1993 Dr. Murphy performed surgery on plaintiff's left knee. The surgery included a partial meniscectomy, removal of a loose body in the knee, and a debridement of the condyles. Plaintiff tolerated the procedures well, and one month later she was referred to physical therapy.
6. On 7 April 1993 (six months after the accident), plaintiff reached maximum medical improvement and the end of the healing period. At this time plaintiff retained a forty percent permanent partial impairment to her left knee, twenty percent of which was attributable to the accident of 2 October 1992. Plaintiff was not capable of returning to work at her former job with defendant; however, she was capable of performing jobs with light to medium physical requirements, including restrictions of no climbing, no squatting, no lifting of fifteen pounds frequently, and lifting twenty-five pounds only occasionally. There is insufficient evidence of record from which the undersigned can find from its greater weight that there were jobs available within plaintiff's restrictions which she could reasonably be expected to obtain and perform.
7. In August 1993 defendants offered plaintiff a job which was within her physical restrictions. The job was as a feeder to patients, and no other employees performed the job as plaintiff would be allowed to perform it. The schedule for this job was to work from 7:00 a.m. to 9:30 a.m., from 12:30 p.m. to 2:30 p.m., and from 5:00 p.m. to 7:30 p.m. Plaintiff did not have an automobile, and transportation problems made it difficult for her to go from work to home and back again. Between these three disconnected shifts, plaintiff would have to remain at defendant's facility with nothing to do. She performed the job for part of one day, and she has not returned since 9 August 1993. Plaintiff complained to her doctors of the schedule, but she did not complain of any physical inability to do the job. Because of the convoluted schedule and her difficulty with transportation, it was reasonable for plaintiff to refuse the job offered to her, although it was within her physical restrictions.
8. On 22 October 1993 Dr. Philips Carter, an orthopedic surgeon, performed an independent medical evaluation of plaintiff. This doctor was a doctor of plaintiff's choice. Dr. Carter generally agreed with the opinions and treatment provided by Dr. Murphy.
9. Plaintiff did not seek any medical treatment for more than one year, between August 1993 and September 1994. Plaintiff returned to Dr. Murphy on 6 September 1994 with complaints of bruise on her left knee. Interestingly, plaintiff reported to the doctor that the bruise had been caused when she fell at work (plaintiff claimed to have been out of work for about two years at this time). At the time of the hearing, plaintiff had not received any medical treatment since September 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 7 April 1993 plaintiff reached maximum medical improvement and the end of the healing period. At this time plaintiff was capable of returning to work within restrictions. As defendants have failed to prove that, at this time, there were jobs available within plaintiff's restrictions which she could reasonably be expected to obtain and perform, plaintiff may select to receive permanent partial disability compensation pursuant to N.C.G.S. § 97-31, or she may select temporary total disability compensation pursuant to N.C.G.S. § 97-29. Whitley v. Columbia Lumber,318 N.C. 89 (1986). The undersigned presumes that plaintiff would choose the most lucrative option. Therefore, in lieu of compensation pursuant to N.C.G.S. § 97-31, plaintiff is entitled to temporary total disability compensation in the amount of $125.01 per week to continue from the time temporary total disability compensation was stopped by the defendant until such time as plaintiff returns to work or compensation is stopped pursuant to an order of the Industrial Commission. N.C.G.S. § 97-29.
2. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of the injury by accident of 2 October 1992. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. In lieu of compensation pursuant to N.C.G.S. § 97-31, defendant shall pay plaintiff temporary total disability compensation in the amount of $125.01 per week from the time temporary total disability compensation was stopped and continuing until plaintiff returns to work or untilfurther order by the Industrial Commission. Payments which have accrued through the date of the Opinion shall be paid in a lump sum, and all payments shall be subject to an attorney's fee as provided below.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident of 2 October 1992.
3. An attorney's fee in the amount of twenty-five percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting twenty-five percent from all compensation due plaintiff and forwarding same directly to plaintiff's counsel. For all future compensation, every fourth check shall be made payable to plaintiff's counsel and forwarded directly to plaintiff's counsel.
4. Defendants shall pay all costs, including an expert witness fee in the amount of $250.00 to Dr. Murphy and $100.00 to Dr. Carter.
FOR THE FULL COMMISSION
 S/ _________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 3/21/96